# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| **SER TECHNOLOGIES, LLC**, a Michigan limited liability company, | |
| Plaintiff, | Case No. 08 CV 7033 |
| v. | Judge Philip G. Reinhard |
| **SAUK VALLEY BANK & TRUST CO.**, an Illinois banking corporation, | Magistrate Judge P. Michael Mahoney |
| Defendant. | |
| **SAUK VALLEY BANK & TRUST CO.**, an Illinois banking corporation, | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| **BARCLAY PULLMAN CORPORATION**, an Illinois corporation, and **CHRIS A. ABBOTT**, | |
| Third-Party Defendants. | |

## REPLY IN SUPPORT OF McTEVIA'S AMENDED MOTION TO INTERVENE

MCTEVIA & ASSOCIATES, LLC ("McTevia"), as TRUSTEE of SER COMMUNICATIONS, INC. ("SER Communications"), by and through its counsel, Howard & Howard Attorneys PLLC, submits this Reply in support of its Motion to Intervene.

#1604339-v1

I.     **INTRODUCTION**[1]

McTevia should be permitted to intervene. Intervention is commonly permitted in contractor/subcontractor cases such as this. Moreover, the facts of this case make this an appropriate one for intervention under applicable law.

First, McTevia's request is not untimely. McTevia was appointed trustee over SER Communications' claims pursuant to a trust mortgage only a month before it requested intervention.

Second, McTevia's interest in the particular funds at issue in the Underlying Claims is statutorily provided pursuant to the Michigan Building Contract Fund Act, (the "Act") M.C.L. §570.151, *et seq.*[2] The Act provides that payments made on construction projects are held in trust for the benefit of the projects subcontractors. This interest is more than a mere "betting interest." In addition, as set forth in the Declaration of Brian Sulkowski, who was SER Technologies' 49% owner during the events giving rise to the Underlying Claims, while SER Technologies may have paid some employees and costs, those payments were made using funds advanced by SER Communications, and the Services were performed by SER Communications.

Third, McTevia's interest will, indeed be impaired. As explained in SER Communications' original motion papers, SER Technologies has no assets other than its claims in this lawsuit with which to satisfy SER Communications' claims against it. More importantly,

---

[1] Defined terms used, but not defined in this Reply have the meanings given them in McTevia's original Motion and Brief.

[2] McTevia hereby requests leave to amend the proposed complaint submitted with its original motion to include allegations relating to the Act. The amended complaint is attached hereto as **Exhibit A**.

since SER Communications filed its original motion to intervene, SER Technologies' counsel has filed a Notice of Attorneys' Lien on any recovery received by SER Technologies in this lawsuit. McTevia's risk of impairment is even greater now, because SER Technologies' counsel's competing lien.

Finally, to assert that SER Technologies will adequately represent the interests of SER Communications misses the mark. As described in the motion papers, SER Technologies has no interest at all in this litigation, and it is SER Communications who is the real party in interest. All of SER Technologies' operating costs were advanced by SER Communications. Moreover, now with the Attorney's Lien filed by SER Technologies' counsel added to SER Communications' claims against the proceeds, SER Technologies has no interest at all in vigorously pursuing this action, and, in fact, SER Technologies' counsel has asserted an interest adverse to SER Communications. The fact remains that SER Communications, not SER Technologies, is the real party in interest in this lawsuit.

## II. ARGUMENT

### A. Intervention As of Right Is Often Permitted In Subcontractor Cases Such As This.

Intervention has frequently been permitted in cases involving construction contracts and the rights of general contractors and subcontractors to disputed funds. For example, in *Commercial Union Ins. Co. v. St. Louis*, 497 F.2d 957 (8th Cir. 1974), several subcontractors sought to intervene in a suit between the general contractor's surety and the owner for payments owed by the owner to contractor under a construction contract. The subcontractors claimed they were entitled to the amounts due from the owner. In that case, the surety argued against intervention on the basis that the owner would adequately represent the subcontractors' interest. The surety argued that it was in the owner's interest to defend on the basis that third parties

(including the subcontractors) had equitable rights that took priority over the surety's claims. The court noted, however, that while this defense would be strategically beneficial to the owner, the owner did not have the same "vital stake" as the subcontractors in establishing their claim to the funds. The court also noted that because there were insufficient funds to meet the claims of all the parties, the subcontractors' claims against the owner would be impaired if they were not permitted to intervene. *See also Hartford Accident and Indemnity Co. v. Crider*, 58 F.R.D. 15 (N.D. Ill. 1973).

Similarly, *Calvert Fire Ins. Co. v. Environs Dev't Corp.*, 601 F.2d 851 (5th Cir. 1979), involved various claims, counterclaims and cross-claims by the insurer, owner and lender on a construction project that had been destroyed by fire relating to the extent of coverage under certain property insurance, as well as a determination of rights to the proceeds of any such insurance. The contractor on the project, who had had its materials and supplies destroyed by the fire, sought to intervene in the action to bring claims against the owner for negligently causing the fire and failing to procure insurance for the benefit of the contractor.

There, the court permitted the contractor to intervene, finding that the contractor had a sufficient interest in the underlying action, that such interest may be impaired by resolution of the action without the contractor's participation, and that the contractor's interest would not be adequately represented by the existing parties.

The court held that, because the contractor may be able to prove that the owner had a contractual obligation to provide insurance covering the contractor's claims, the contractor may have an equitable lien on the insurance proceeds. This possible equitable interest in the insurance proceeds was a sufficient interest for purposes of Fed. R. Civ. P. 24(a)(2).

In addition, because the insurance claim was the only asset remaining to satisfy the obligations of the owner's creditors, and because the lender, as loss payee, had a priority interest in the insurance proceeds, the court held that the contractor's interest may be impaired by the conclusion of the lawsuit without his participation.  "[The contractor] has an interest in seeing that the maximum amount and value of the fire loss is established between the [the owner] and [the insurer]." *Id.* at 859.

Finally, the court noted that, because the contractor was raising claims against the owner, "[o]bviously the interests of [owner] and [contractor] are diametrically opposed." *Id.*  Therefore, the owner would not protect the contractor's interest.  The insurer would not adequately represent the contractor's interest, because the insurer was seeking to minimize its liability for the fire loss while the contractor sought to maximize it.  The lender would not adequately represent the contractor's interest, because the lender, "simply would not care about [the contractor's] interest."

**B.     Proposed Intervenor McTevia Filed Its Motion to Intervene Only One Month After Being Appointed As Trustee For the Benefit of SER Communications' Creditors.**

Under Seventh Circuit law, the timeliness test is essentially one of reasonableness. "P[]otential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning, they need to act reasonably promptly." *SEC v. Heartland Group, Inc.*, No. 01 C 1984, 2003 WL 1089366, at *5 (N.D.Illl. March 11, 2003), citing *Nissei Sangyo America Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994).

SER Technologies' characterization that the Motion to Intervene is untimely misses the fact that the intervening party is McTevia.[3]  McTevia was appointed Trustee for the benefit of

---

[3] It is possible that SER Technologies was confused because, in its motion papers, and for simplicity, McTevia referred to itself and SER Communications collectively as "SER Communications."  The fact of the matter is that the proposed intervening party is McTevia, however.

5

SER Communications' creditors pursuant to a Trust Mortgage executed March 23, 2010. McTevia filed its Motion to Intervene only one month later on May 3, 2010. Indeed, McTevia did not have the authority to intervene in this action until after it was appointed Trustee in March 2010.[4]

Further, SEC Technologies has not alleged, nor will it in fact, suffer any prejudice from McTevia's Motion to Intervene. Even if it had, the prejudice must result from the intervenor's delay in moving to intervene, not simply by virtue of the intervenor's involvement in the case. *Zurich Capital Markets Inc. v. Coglianese*, 236 F.R.D. 379, 384 (N.D. Ill. 2006). Second, even if McTevia had known of its interest in this lawsuit from its inception, the delay is not nearly as long as the period at issue in *Zurich Capital Markets*, 236 F.R.D. 379, where proposed intervenor sought to intervene four and a half years after the proceedings commenced, and right after one of the parties had filed its motion for default.

**C.    SER Communications Has An Interest In The Particular Funds At Issue In the Underlying Lawsuit.**

First, a proposed intervenor's loss of funds that the intervenor would otherwise have an interest in is a sufficient interest under Fed. R. Civ. P. 24(a) to permit intervention. *Id.* In other words, "[w]hile a mere economic interest may be sufficient to support the right to intervene, an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting the fund." *Zurich Capital Markets*, 236 F.R.D. at 385, quoting *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995).

---

[4] In addition, while it is true that McTevia's counsel was unable to participate in the settlement discussions because of the arrival time of his flight into Illinois, he sought to participate by phone. SER Technologies and SVB, without interference from proposed intervenor, did not settle anyway, and McTevia's request to intervene cannot be said to have stymied any settlement discussions that took place.

Thus, the case law cited by SER Technologies relating to a "betting interest" are inapposite. Here, McTevia is not is not merely seeking to preserve funds for its state law claims. Rather, McTevia is asserting that these particular funds are being held by SER Technologies in trust for the benefit of SER Communications.

SER Communications has an interest in the funds sought by SER Technologies pursuant to the Michigan Building Contract Fund Act (the "Act;" M.C.L.A. §570.151, *et seq.*). The Act provides:

> In the building construction industry, the building contract fund paid by any person to a contractor…shall be considered by this act to be a trust fund, for the benefit of the …subcontractors…, and the contractor…shall be considered the trustee of all funds so paid to him for building construction purposes.

In other words, any funds that SER Technologies collects on the checks at issue on its Underlying Claims reflecting payments for Services to the Customers will be held in trust by SER Technologies for the benefit of SER Communications. Thus, SER Communications has an interest in the subject of the Underlying Claims by operation of law.

SER Technologies asserted that, because of the Affidavit of Dwayne Coleman shows that SER Technologies paid for various project related expenses, that SER Communications has no interest. As set forth in the Declaration of Brian Sulkowski (**Exhibit B**), the funds used to pay those expenses were advanced by SER Communications, and SER Communications performed the work.

SER Technologies also states that "the interest of the movant is ill defined at best," because the Agreement attached to SER Communications' motion papers does not specify the payment due SER Communications under that Agreement. The Agreement is a blanket subcontractor agreement, and generally, the amounts paid would have been set forth in various work orders as well as verbally. Notably, in neither its Response, nor in the Affidavit of Dwayne

7

Coleman, does SER Technologies dispute that SER Communications was entitled to the 97% it claims. Further, "In evaluating [a] motion to intervene, the district court must accept as true the non-conclusory allegations of the motion and [complaint]." *Zurich Capital Markets Inc. v. Coglianese*, 236 F.R.D. 379 (N.D. Ill. 2006), citing *Lake Investors Dev. Group v. Egidi Dev. Group*, 715 F.2d 1256, 1258 (7th Cir. 1983). A district court should not dismiss a motion to intervene unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint. *Id.*

D. **SER Communications' Interest Will Be Impaired Because The Underlying Claims Are the Only Funds Available**

Even if a proposed intervenor's interest could be brought in a separate action, if the instant action could be adjudicated to such a degree as to cause the separate suit to be meaningless, that interest is sufficiently impaired for purposes of Fed. R. Civ. P. 24(a). *SEC v. Heartland Group, Inc.*, 2003 WL 1089366 at *6.

SER Communications is entitled to nearly all of the funds represented by the checks at issue in the underlying action (whereas SER Technologies is only entitled to retain 3% of that amount), and SER Communications is the real party in interest. Further, because SER Technologies has no assets other than the receivables that form the basis of the Underlying Claims, if SER does not intervene, it will be *de facto* impaired. In fact, since SER Communications filed its original Motion to Intervene, SER Technologies' counsel has served a Notice of Attorneys' Lien on any amount paid to SER Technologies in this case. (**Exhibit C**) As set forth above, SER Communications has a prior lien on these funds by operation of the Michigan Building Contract Fund Act, which will necessarily be impaired if this lawsuit proceeds in its absence and SER Technologies' counsel executes on its lien.

Moreover, with both SER Communications and SER Technologies' counsel asserting claims to the funds at issue in this lawsuit, SER Technologies has no actual remaining interest. SER Technologies is unlikely to continue to vigorously pursue its claims because it simply has no incentive to do so any longer.

**E.     SER Technologies And SER Communications Are Adverse, And SER Technologies Will Obviously Not Adequately Represent SER Communications.**

With respect to the requirement that the existing parties will not adequately represent intervenor's interest:

> the proposed intervenor's burden is minimal, and the intervenor need only show that existing representation may be inadequate to protect the intervenor's interests. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). The proposed intervenor meets this minimal burden by showing that the existing parties' interests are not completely identical to and may come into conflict with its own interests. *See id.; cf. Solid Waste*, 101 F.3d at 508 … "[T]he applicant should be treated as the best judge of whether the existing parties adequately represent his or her interests, and ... any doubt regarding adequacy of representation should be resolved in favor of the proposed intervenors." 6 James Wm. Moore, et al., Moore's Federal Practice § 24.03[4][a] (3d ed.1999) (footnotes omitted).

*Vision Church v. Village of Long Grove*, No. 03 C 5761, 2004 WL 742133, at *4 (N.D. Ill. April 6, 2004), citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972).

For SER Technologies to assert that it will adequately represent SER Communications is utterly ridiculous.  Neither SER Technologies nor Defendant SVB will adequately protect SER Communications' interest.  SER Communications' claims in its proposed Intervenor Complaint are against SER Technologies.  Therefore, much like with the owner and contractor in *Calvert Fire Ins. Co. v. Environs Dev't Corp.*, at 601 F.2d at 859, "[o]bviously the interests of [SER Technologies] and [SER Communications] are diametrically opposed."

Defendant in the underlying action, SVB, will not adequately protect SER Communications' interest either. Again, much like the insurer would not protect the contractor's interest in *Calvert Fire Ins. Co. v. Environs Dev't Corp.*, because, "[the insurer] seeks to minimize its liability…while [the contractor] must seek to maximize that liability," here, SVB would not protect SER Communications' interest because SVB would seek to minimize its liability, while SER Communications must seek to maximize that liability.

### III.   CONCLUSION

As set forth above, proposed intervenor, McTevia, filed its motion to intervene promptly after being appointed Trustee pursuant to a trust mortgage for the benefit of SER Communications' creditors. Further, by operation of Michigan statute, any funds received by SER Technologies in this litigation are held in trust by SER Technologies for the benefit of its subcontractor, SER Communications. SER Technologies, having no "skin in the game" will not adequately protect SER Communications' interest in those limited funds, particularly where, as here, SER Technologies' counsel has claimed a competing lien on those funds. For these reasons, McTevia's motion to intervene should be granted.

HOWARD & HOWARD ATTORNEYS PLLC

Dated:  May 27, 2010           by     /s/ Andrew J. Munro
                                      Andrew J. Munro
                                      IL ARDC #9078501
                                      Michigan Bar No. P30304
                                      Attorneys for McTevia
                                      450 West Fourth Street
                                      Royal Oak, Michigan 48067
                                      (248) 723-0344 (Phone)
                                      (248) 645-1568 (Facsimile)
                                      amunro@howardandhoward.com

## CERTIFICATE OF SERVICE

I, Andrew J. Munro, an attorney, certify that I caused a copy of **REPLY IN SUPPORT of McTEVIA'S AMENDED MOTION TO INTERVENE** to be served upon the parties listed below via electronic mail through the Court's CM/ECF electronic filing system on May 27, 2010.

**SER Technologies, LLC**, *Via Its Attorneys, Thadford A. Felton, Justin Weisberg, Louis Gale*, Arnstein & Lehr, LLP , 120 South Riverside Plaza , Suite 1200, Chicago, IL 60606-3913, E-mail: tafelton@arnstein, jlweisberg@arnstein.com com, ljgale@arnstein.com (via ECF)

**Sauk Valley Bank & Trust Co.**, *Via Its Attorneys, Douglas E. Lee, Emily Vivan*, Ehrmann, Gehlbach, Badger & Lee, 215 East First Street, Suite 100, Dixon, IL 61021 E-mail: lee@egbbl.com, lee@egbbl.com (via ECF)

Dated: May 27, 2010

_____/s/ Andrew J. Munro_____
Attorneys for McTevia & Associates, LLC, as Trustee of SER Communications, Inc.

HOWARD & HOWARD ATTORNEYS PLLC
Daniel S. Rubin – ARDC #6293669
Attorneys for Intervenor Plaintiff McTevia
450 W. 4th Street
Royal Oak, MI 48067-2557
(248) 723-0344 (Phone)
(248) 645-1568 (Facsimile)
amunro@howardandhoward.com