# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7033 | **DATE** | 7/15/2010 |
| **CASE TITLE** | SER Technologies, LLC vs. Sauk Valley Bank & Trust Co. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, McTevia's motion to intervene under Rule 24(a)(2) is denied.

■[ For further details see text below.]

Electronic Notices.

## STATEMENT - OPINION

McTevia & Associates, LLC, acting as SER Communication's trustee, seeks to intervene, pursuant to Fed. R. Civ. P. 24(a)(2), and bring a claim against plaintiff, SER Technologies, LLC.[1] Jurisdiction over the original cause of action is proper under 28 U.S.C. § 1332.

SER Technologies is a contractor who bid and contracted on various projects involving communications products. SER Communications is a subcontractor who entered into an exclusive subcontracting agreement with SER Technologies. As consideration for SER Communication's advancing monies to, and performing Services for SER Technologies' customers, SER Technologies agreed to pay SER Communications a 97% cut of the amounts it received from customers.

SER Technologies no longer does business and has no assets other than the claims in this lawsuit brought on December 9, 2008.

McTevia was appointed a trustee for the benefit of SER Communication's creditors on March 23, 2010. McTevia filed this motion to intervene on May 3, 2010.

Federal Rule of Civil Procedure 24(a) allows intervention as a matter of right, where a party "(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." A party seeking intervention of right must (1) timely file its motion to intervene; (2) claim an interest relating to the property or transaction which is the subject of the action; (3) be at risk that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) lack adequate representation by the existing parties of its interests. Heartwood, Inc. v. U.S. Forest Service, Inc., 316 F.3d 694, 700 (7th Cir. 2003). Absent satisfaction of these four prongs, a party is not entitled to intervention as of right. Heartwood, 316 F.3d at 700.

Timeliness is essentially a reasonableness test, Nissei Sangyo America Ltd. v. United States, 31 F.3d 435, 438 (7th Cir. 1994), and hinges on four factors: "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances," Heartwood, 316 F.3d at 701.

McTevia's motion is untimely. McTevia claims that its motion to intervene came within two months of being

| STATEMENT - OPINION |
|---|

named trustee. However, the transaction underlying the original cause of action occurred in 2006. A sister case to the instant case was filed in the Northern District of Illinois on May 11, 2007 styled SER Technologies, LLC v. SER Contractors, Inc., 07-cv-2666. The sister case was disposed of in 2008, the same year the present cause of action was filed. Thus, SER Communications had between seventeen months and four years to ensure that whatever rights it may have were vindicated. This time fame is well beyond the eleven months delay deemed untimely in City of Bloomington v. Westinghouse Electric Corp. 824 F.2d 531, 535 (7th Cir. 1987), and came on the eve of a settlement conference. The appointment of a trustee in March 2010, does not fix the timeliness problem. McTevia only steps into the shoes of SER Communications which clearly could have acted expeditiously and did not.

A party seeking an intervention must have an interest in "which an independent federal suit could be based, consistent with Article III's requirement that only a case or controversy can be litigated in a federal court at any stage of the proceeding." Aurora Loan Services, Inc. v. Craddieth, 442 F.3d 1018, 1022 (7th Cir. 2006). The interest must be a claim to a legally protected right that is in jeopardy and can be secured by the suit. Aurora, 442 F.3d at 1022. Such an interest must be "direct, significant, and legally protectable." Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers, 1010 F.3d 503, 506 (7th Cir. 1996). The mere "fact you might anticipate a benefit from a judgment in favor of one of the parties to a lawsuit—maybe you're a creditor of one of them—does not entitle you to intervene in their suit." Flying J, Inc. v. Van Hollen, 578 F.3d 569, 571 (7th Cir. 2009).

McTevia does not possess the legally protected interest necessary to intervene under Rule 24(a)(2) because McTevia is simply a creditor of SER Technologies. McTevia seeks to sue SER Technologies for breach of contract, unjust enrichment, and promissory estoppel.[2] The contract does not give SER Communications any special rights in any assets of SER Technologies including any payments or rights to payments from SER Technologies customers to SER Technologies for work contracted to SER Communications. The mere fact McTevia, as a creditor of SER Technologies, may anticipate an economic benefit from the underlying cause of action's disposition does not entitle it to intervention as of right. Flying J, Inc., 578 F.3d at 571.

As McTevia does not have the requisite legally protected interest in the underlying cause of action, discussion of whether failure to grant the motion would impair plaintiff's ability to protect that interest is moot.[3]

For the foregoing reasons, McTevia's motion to intervene under Rule 24(a)(2) is denied.

---

1. SER Technologies, LLC brought the original action against Sauk Valley Bank & Trust Co. on December 9, 2008. Sauk Valley Bank & Trust Co. initiated a third party action against Barclay Pullman Corporation and Chris A. Abbot on January 19, 2009.

2. The purported unjust enrichment and promissory estoppel claims are really just restatements of the contract claim.

3. McTevia argues for the first time in its reply brief that the Michigan Building Contract Fund Act (MBCFA), M.C.L.A. 570.151, created a legally protected interest supporting intervention. However, McTevia failed to provide any case law to support this, or any other argument, within its original brief. "Leaving for a reply brief argument and authority that should have been in an opening brief is a strategy frowned upon by the courts. Waiting to make the case until the reply can effectively result in a one-sided presentation, which is inconsistent with the premise on which the adversary system is based. In addition to being unfair to one's opponent, the tactic of saving the best for last adversely affects the accuracy of the judicial process, which depends on comprehensive presentations by both sides." General Insurance Company of America v. Clark Mali Corp., 2010 W: 807433, *4 (N.D. Ill. Mar. 10, 2010) (citations omitted). While the "comprehensive presentation by both sides" was ameliorated here by SER Technologies filing a sur-reply, the failure to raise the issue in its opening brief caused additional expense to SER Technologies and will not be countenanced by the court. Even if the court were to consider this argument, McTevia has presented no basis for applying the MBCFA to this case. The MBCFA does not appear to apply to extraterritorial projects, see Calvetti v. Antcliff, 346 F.Supp.2d 92, 107–08 (D.D.C. 2004), and McTevia has not alleged the project it claims are covered by the MBCFA were in Michigan.